IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CYNERGY, LLC, as successor       *
in interest to FARMERS           *
STATE BANK,                      *
                                 *
            Plaintiff,           *
                                 *
       v.                        *          CV 110-068
                                 *
FIRST AMERICAN TITLE             *
INSURANCE COMPANY,               *
                                 *
            Defendant.           *


O R D E R


Plaintiff Cynergy, LLC ("Cynergy") appealed this Court's Order granting summary judgment in favor of Defendant First American Title Insurance Company ("First American") as to all claims (doc. 46). Upon review of the appeal, the Eleventh Circuit has remanded the case to this Court for the limited purpose of making a factual determination as to whether diversity jurisdiction exists in the case, in accordance with 28 U.S.C. § 1332. Federal jurisdiction pursuant to § 1332 exists only when there is complete diversity between the plaintiffs and the defendants. Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

In its Notice of Removal (doc. no. 1), First American identified § 1332 diversity as the basis for this Court's subject matter jurisdiction over the case, and pleaded:

> Plaintiff is a Georgia corporation with its principal place of business in Lincolnton, Georgia. The Defendant is a California corporation with its principal place of business in Santa Ana, California.

(Id. ¶ 5.) However, because Cynergy is a limited liability company, it "is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant, therefore, must make a further showing to the Court that the individual members of Cynergy were diverse, i.e., not citizens of California, at the time of removal. See id. ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (noting that a district court may consider post-removal evidence, but that the jurisdictional facts supporting removal must be judged as they existed at the time of removal).

As the Eleventh Circuit noted, First American has identified Tommy Lee and Dean Antonakos as members of Cynergy. Upon review of their respective deposition testimonies, the Court is satisfied that each of these individuals was a citizen of Georgia on May 25, 2010, when the action was removed to this Court.[1] First American also indicated, however, that Cynergy had other members besides Lee

---

[1] Lee stated that he had lived in Lincoln County, Georgia for "Twenty-five-ish years" (Lee Dep. at 7), and Antonakos stated that he was a "lifelong resident of Augusta, Georgia" (Antonakos Dep. at 7).

and Antonakos, but it did not identify the names or citizenship of these individuals.[2]

Therefore, it is **ORDERED** that First American make a showing of the following facts, as of May 25, 2010:

1. The names of Cynergy's members (other than Lee and Antonakos); and

2. The state citizenship of these individuals.

First American shall have twenty-one (21) days from the date of this Order to make its showing. Thereafter, Cynergy shall have fourteen (14) days for rebuttal, and any statements or evidence offered by First American shall be deemed admitted unless controverted. Upon review of the parties' submissions, the Court will make a factual determination regarding § 1332 diversity jurisdiction and return Cynergy's appeal to the Eleventh Circuit for further proceedings.

**ORDER ENTERED** at Augusta, Georgia, this _2/st_ day of March, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In his deposition testimony Lee identified himself, Antonakos, Gerry Clontz, and Clontz's two sons as the members of Cynergy. (Lee Dep. at 16.)

3